# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (NORTHERN DIVISION)

**ATLANTECH DISTRIBUTION, INC.**    *
8230 Wilkinson Boulevard
Charlotte, North Carolina 28214    *

    Plaintiff,    *

v.    *    **CASE NO.:** _____

**HUDAK'S INSULATION, INC.**    *
306 West Redwood Street
Suit 201    *
Baltimore, Maryland 21201

          *

    Defendant.

    *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT FOR DAMAGES

Plaintiff Atlantech Distribution, Inc. ("Atlantech"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 3, hereby sues Defendant Hudak's Insulation, Inc. ("Hudak's") for breach of contract and, in the alternative, unjust enrichment and quantum meruit. In support of its Complaint, Atlantech states as follows.

### THE PARTIES

1.    Atlantech is a corporation formed and organized under the laws of the State of North Carolina, with its principal place of business at the address set forth in the caption.

2.    Hudak's is a corporation formed and organized under the laws of the State of Maryland, with its principal place of business at the address set forth in the caption.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1), because the amount in controversy exceeds $75,000.00, and the controversy is between citizens of different states.

4.      This Court has jurisdiction over the person of Hudak's pursuant to FED. R. CIV. P. 4(k)(1)(A) because, *inter alia*, Hudak's is organized under the laws of Maryland and maintains its principal place of business in this state and is therefore subject to the jurisdiction of the courts of general jurisdiction in this state.

5.      The exercise of personal jurisdiction over Hudak's comports with constitutional due process.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (c)(2) because Hudak's is subject to the jurisdiction of the courts of general jurisdiction in this state and is therefore a resident of this state.

## INTRODUCTION AND BACKGROUND FACTS

7.      Hudak's is a long-term customer of  Atlantech; Atlantech sold Hudak's goods for use by Hudak's in Hudak's jobs for its customers.

8.      To place orders, Hudak's submitted purchase orders to Atlantech's branches in Elkridge, Maryland, and Lorton, Virginia.

9.      The goods would then either be picked up by Hudak's from the Atlantech branch or shipped by Atlantech to Hudak's job site.

10.      Atlantech would then invoice Hudak's for the goods.

11.    Each of the invoices included Atlantech's terms and conditions of sale (the "Terms"), a copy of which is attached hereto as **Exhibit 1** and incorporated herein by this reference.

12.    The Terms entitle Atlantech, in the event of non-payment by Hudak's, to collect from Hudak's (a) interest on unpaid amounts at eighteen percent (18%) per annum, and (b) the attorneys' fees incurred by Atlantech in collecting amounts due.

13.    Beginning in April 2025, and continuing through October 2025, Hudak's defaulted under the Terms by, *inter alia*, failing to pay for the goods that it ordered from Atlantech when and as such payments were due.

14.    Hudak's has failed to pay the outstanding balance owed to Atlantech despite repeated demand from Atlantech.

15.    As of June 24, 2026, Hudak's owes Atlantech $149,635.51.

16.    Invoices for each of Hudak's unpaid orders from Atlantech's Elkridge branch are attached hereto collectively as **Exhibit 2** and incorporated herein by this reference.

17.    Invoices for each of Hudak's unpaid orders from Atlantech's Lorton branch are attached hereto collectively as **Exhibit 3** and incorporated herein by this reference.

18.    A list of open invoices by job, showing how Atlantech arrived at the balance due is attached hereto as **Exhibit 4** and incorporated herein by this reference.

19.    The balance owed to Atlantech will continue to increase as interest accrues and Atlantech continues to incur attorneys' fees and expenses, both of which Atlantech is entitled to recover from Hudak's pursuant to the Terms.

## COUNT ONE
## BREACH OF CONTRACT

20.    Atlantech repeats the allegations contained in the preceding paragraphs as though set forth fully herein.

21.    Atlantech and Hudak's were parties to a series of valid, binding, enforceable contracts.

22.    In particular, each purchase order submitted by Hudak's and fulfilled by Atlantech became a binding contract no later than the date on which Atlantech fulfilled it.

23.    Hudak's materially breached the contracts by, *inter alia*, failing to pay all amounts due when and as such amounts were due.

24.    Each default entitled Atlantech to collect its reasonable fees and expenses, including reasonable attorneys' fees and expenses, from Hudak's.

25.    As a direct and proximate result of Hudak's material breaches, Atlantech suffered damages in the amount of at least $149,635.51.

WHEREFORE, Plaintiff Atlantech Distribution, Inc. demands judgment against Defendant Hudak's Insulation, Inc. for (A) compensatory damages in the amount of $149,635.51, plus (B) pre-judgment interest at the contract rate, plus (C) post-judgment interest at the statutory rate, plus (D) its attorneys' fees and expenses incurred in this matter, plus (E) the costs of this action.

## COUNT TWO
## UNJUST ENRICHMENT

26.    In the alternative, if the Court finds that no binding contract exists, Atlantech pleads as follows.

27.    Atlantech repeats the allegations contained in paragraphs 1 through 19 above as though set forth fully herein.

28. Atlantech conferred a valuable benefit on Hudak's, namely goods sold on credit.

29. Hudak's was aware of, understood, and accepted the benefit conferred on it by Atlantech.

30. Hudak's retained those benefits inequitably and must be compelled to return to Atlantech the value of those benefits in cash.

31. Hudak's has been unjustly enriched in the amount of at least $149,635.51.

WHEREFORE, Plaintiff Atlantech Distribution, Inc. demands judgment against Defendant Hudak's Insulation, Inc. for (A) compensatory damages in the amount of $149,635.51, plus (B) post-judgment interest at the statutory rate, plus (C) the costs of this action.

COUNT THREE
QUANTUM MERUIT

32. In the alternative, if the Court finds that no binding contract exists, Atlantech pleads as follows.

33. Atlantech repeats the allegations contained in paragraphs 1 through 19 above as though set forth fully herein.

34. Hudak's asked Atlantech to sell it goods on credit.

35. Atlantech did so.

36. Atlantech expected to be repaid for the goods sold to Hudak's on credit.

37. Hudak's knew and understood that Atlantech expected to be repaid for the goods it sold to Hudak's on credit.

38. Hudak's accepted the goods sold to it by Atlantech.

39. Hudak's inequitably retains the benefits of those goods and must be compelled to pay Atlantech the value of these goods in cash.

WHEREFORE, Plaintiff Atlantech Distribution, Inc. demands judgment against Defendant Hudak's Insulation, Inc. for (A) compensatory damages in the amount of $149,635.51, plus (B) post-judgment interest at the statutory rate, plus (C) the costs of this action.

/s/ Michael J. Lentz
Michael J. Lentz (Fed. Bar No. 26097)
TYDINGS & ROSENBERG LLP
One East Pratt Street, Suite 901
Baltimore, Maryland 21202
Phone: (410) 752-9708
Fax: (410) 727-5460
mlentz@tydings.com